**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **CHIS, LLC, Individually and on Behalf of All Others Similarly Situated,** )  )  ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO. 5:14-CV-277 (MTT)** |
| **LIBERTY MUTUAL HOLDING COMPANY INC., et al.,** ) ) ) | |
| **Defendants.** ) ) ) | |

## <u>ORDER</u>

Before the Court is Defendant Peerless Indemnity Insurance Co.'s motion to dismiss.  (Doc. 13).[1]  For the following reasons, the motion is **DENIED**.

In this putative class action, Plaintiff CHIS, LLC seeks relief on behalf of itself and others similarly situated for the Defendants' alleged refusal to assess and pay damages for diminution in value when claims are made under their business or commercial property insurance policies.  CHIS alleges it "timely reported a claim for direct physical loss to its building resulting from water damage" but that, in violation of Georgia law and in breach of their insurance policy with CHIS, the Defendants failed to assess and pay damages for diminution in the value of CHIS's property.  (Doc. 11, ¶ 2).

[1] Defendants Liberty Mutual Holding Company Inc., Liberty Mutual Group Inc., and Liberty Mutual Insurance Company have moved to dismiss separately on different grounds but have indicated they join Peerless's arguments.  (Docs. 15; 16).  CHIS refers to the Defendants, including Peerless, collectively as "Liberty Mutual" for most of the complaint.

Though CHIS has not yet moved for class certification, it envisions two classes: (1) the "Policyholder Class" comprised of "[a]ll persons currently insured under businessowners insurance policies issued by Liberty Mutual that provide coverage for property located in the State of Georgia," and (2) the "Covered Loss Class" comprised of "[a]ll persons formerly or currently insured under businessowners insurance policies issued by Liberty Mutual that provide coverage for property located in the State of Georgia" who presented claims within the past six years for loss resulting from water damage for which damages for diminution in value were not paid.  (Doc. 11, ¶ 58).

CHIS asserts claims for breach of contract (Count 1) and for a declaratory judgment pursuant to 28 U.S.C. § 2201 (Count 2).  Peerless has only moved to dismiss Count 2, the Declaratory Judgment Act claim.  The sole argument Peerless makes in its motion to dismiss is that because CHIS has an adequate remedy at law in the form of its breach of contract claim, its claim for declaratory relief should be dismissed.[2]  CHIS responds that (1) the absence of an adequate remedy at law is not required to bring a claim pursuant to the Declaratory Judgment Act; and (2) it does not have an adequate remedy at law "because Defendants' practice of refusing to assess and pay for diminution in value under the policies is ongoing," and therefore, "Plaintiff and other policyholders would find themselves needing to file a new lawsuit each time their insured properties suffered a covered loss to require Defendants to assess for diminished value."  (Doc. 25 at 7).

Contrary to Peerless's argument, the existence of an adequate legal remedy is not a bar to a claim for a declaratory judgment but rather a factor for the Court to

---

[2] In its reply brief, Peerless also appears to contest the justiciability of Count 2.  While the Court recognizes this will likely become an issue in the case, at the present time, the Court cannot say Count 2 is not justiciable.

consider in determining whether to issue declaratory relief. *See* Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."); *Tierney v. Schweiker*, 718 F.2d 449, 457 (D.C. Cir. 1983); *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1309-10 (S.D. Fla. 2010); *Johnson v. Geico Gen. Ins. Co.*, 2008 WL 4793616, at *3 (S.D. Fla.).[3]  The Court recognizes that this issue may need to be revisited, but the Court cannot say at this point that CHIS has an adequate remedy at law.  More importantly, the existence of such a remedy does not preclude declaratory relief.  The Court also notes that the real issues in this case will likely emerge if CHIS moves for class certification.  The Court is mindful of the hurdles presented by *Wal-Mart Stores, Inc. v. Dukes*,[4] as well as the potential justiciability issue.  *See Thompson v. State Farm Fire & Cas. Co.*, 5:14-cv-32, Doc. 47.  For the time being, however, the Court will allow Count 2 to proceed.  Peerless's motion to dismiss (Doc. 13) is **DENIED**.

        **SO ORDERED,** this 15th day of May, 2015.

                              S/ Marc T. Treadwell
                              MARC T. TREADWELL
                              UNITED STATES DISTRICT COURT

---

[3] *Tiller v. State Farm Mutual Automobile Insurance Co.*, cited by Peerless, is not to the contrary.  549 F. App'x 849 (11th Cir. 2013).  In *Tiller*, the Eleventh Circuit held, after affirming dismissal of the plaintiffs' breach of contract claim, that their claims for injunctive and declaratory relief were also properly dismissed.  The court first determined that these claims were asserted in an attempt to get around Georgia's third party beneficiary doctrine, which prevented the plaintiffs from bringing direct actions against the defendant with whom they had no contract.  The court alternatively found that the plaintiffs' claim for declaratory relief was also properly dismissed because the plaintiffs could not show an imminent threat of future harm: "[A]ll of these acts took place in the past [ ] and could be redressed through legal remedies."  *Id.* at 854-55.  The rationale for dismissing the claim for *declaratory* relief (as opposed to their claim for injunctive relief, which was also discussed) did not turn on whether the plaintiffs had an adequate remedy at law.  The court certainly did not hold that an adequate remedy at law precludes declaratory relief.

[4] 131 S. Ct. 2541 (2011).