**Declaration of Richard Kopelman and Clint W. Sitton in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement**

**Exhibit 1**

Settlement Agreement and Exhibits A through C

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among CHIS, LLC ("CHIS" or "Plaintiff") on behalf of itself and a settlement class of similarly-situated persons (identified herein as the "Settlement Class") and Peerless Indemnity Insurance Company ("Peerless" or "Defendant"). The parties to this Agreement are collectively referred to as the "Parties." This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

## RECITALS

WHEREAS, Plaintiff filed the lawsuit *CHIS, LLC v. Peerless Indemnity Insurance Company*, No. 5:14-CV-277-MTT (M.D. Ga.) (the "Action") alleging that Peerless violated Georgia law by failing to assess and pay diminished value for properties in Georgia insured by Peerless that suffered water damage; and

WHEREAS, Peerless has denied and continues to deny all material allegations in the Action, as to which Peerless has also raised numerous defenses; and

WHEREAS, Plaintiff, while believing that the claims asserted in the Action have merit, has considered the risks associated with the continued prosecution and possible appeal of this complex and time-consuming litigation, as well as the likelihood of success on the merits of the case, and believes that in consideration of all the circumstances, the Proposed Settlement embodied in this Agreement is fair, reasonable, adequate, and in the best interest of the Class Members; and

WHEREAS, Peerless, while denying wrongdoing of any kind whatsoever and without admitting liability, has agreed to enter into this Agreement to avoid the further burden and expense of protracted litigation and to be completely free of any further controversy with respect to the claims which have been asserted or could have been asserted in the case;

WHEREAS, the Parties intend, separately or jointly, to move the Court overseeing the Action to certify the Settlement Class;

NOW, THEREFORE, it is hereby agreed by and between the Parties, through their respective counsel, that the Action should be settled and compromised by the Plaintiff, the Settlement Class, and Peerless on the following terms and conditions, subject to the approval of the Court after hearing is provided pursuant to applicable law.

### DEFINITIONS

1.      "Agreement" means this Settlement Agreement, including all Exhibits.

2.      "Class Member" means any person who is included within the definition of the Settlement Class (or who succeeds to the interest of such a person) and who does not timely and properly request exclusion from the Settlement Class as provided in paragraph 53 below.

3.      "Settlement Class" means each and every person or business formerly or currently insured under businessowners insurance policies issued by Peerless that provide coverage for property located in the State of Georgia who, within the Class Period, presented first-party claims arising from direct physical losses to their properties as a result of water damage to their buildings, which are events covered by the policy, wherein diminution of value was not assessed or paid in connection with said claims.  The Settlement Class does not include:

(i)      Officers, directors, employees, and agents of Peerless and/or their immediate families;

(ii)      Class Counsel, Peerless's counsel of record in the Action and judicial officers of the Court to which this case is assigned; or

(iii)      Any Persons who make a timely election to be excluded from the Settlement Class as provided in this Agreement.

2

4.      "Class Counsel" means the attorneys approved by the Court to represent the Settlement Class and the Class Members as provided in paragraph 18(a) below.

5.      "Class Period" means the period from July 24, 2008, through April 15, 2016.

6.      "Court" means the United States District Court for the Middle District of Georgia, presided by Judge Marc T. Treadwell or his successor.

7.      "Effective Date" means the latter of (a) the date defined in paragraph 64 below, or (b) the thirtieth (30th) day after the Final Approval of the Final Settlement.

8.      "Final Approval Hearing" means the hearing to be held to consider approval of the Proposed Settlement as provided in paragraph 28 below.

9.       "Final Judgment" means the Order and Judgment fully and finally disposing of all claims asserted in the Action against Peerless and all claims settled under the Final Settlement, as provided in paragraphs 26-32 below.

10.      "Final Settlement" means the settlement approved by the Court in the Final Judgment as reasonable, adequate, and in the best interest of the Class Members as provided in paragraphs 26-32 below.

11.      "Legally Authorized Representative" means any legally appointed person or entity responsible for the handling of the business affairs of a Class Member.  A Legally Authorized Representative does not, however, include a professional objector or claim filing or similar service purporting to act on behalf of an individual Class Member or group of Class Members.

12.      "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

13.      "Proposed Settlement" means the settlement described in this Agreement.

14.     "Released Claim" means and includes any and all known or unknown claims, causes of action, or suits of whatever kind or nature, whether at law, in equity, or under any statute or regulation, that (1) were asserted in the Action or (2) could have been asserted in the Action by any Class Member and arise from or relate to Peerless's handling of diminished value with respect to any insurance claim submitted by a Class Member within the Class Period.  The Released Claims do not include any claim for enforcement of this Agreement or the Final Judgment.

15.     "Released Persons" means Peerless Indemnity Insurance Company, and all of its past and present officers, directors, agents, attorneys, employees, stockholders, divisions, parent companies, holding companies, and all of its successors, assigns, and legal representatives of any of the entities and/or Persons listed in this paragraph.

16.      "Desk Appraisal" means a full appraisal to determine the amount of diminution in value, using comparable property values, but lacking only physical inspection of the property.

17.     "Claim File Assessment" means an inspection of only the insured's claim file itself, with no physical inspection of the property and no use of comparable property values, to determine whether an affected property may have suffered any diminution in value and whether a Desk Appraisal is warranted.

## PRELIMINARY APPROVAL OF SETTLEMENT

18.     Upon execution of this Agreement, the Plaintiff shall submit the Agreement to the Court and request an Order substantially in the form set forth in Exhibit A ("Preliminary Approval Order").  In seeking Preliminary Approval, the Plaintiff will request that the Court, among other things:

(a)     Certify the Settlement Class as defined herein under Federal Rule of Civil Procedure 23 for settlement purposes and designate the Plaintiff as the Class Representative and the following attorneys as Class Counsel for the Settlement Class:

James C. Bradley
Michael J. Brickman
Nina Fields Britt
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
1017 Chuck Dawley Blvd. 29464
Post Office Box 1007
Mount Pleasant, South Carolina 29465

Richard Kopelman
Clint W. Sitton
KOPELMAN SITTON LAW GROUP, LLC
3405 Piedmont Road, N.E.
Atlanta, Georgia 30305

C. Cooper Knowles
The Law Office of C. Cooper Knowles, LLC
3405 Piedmont Road, N.E.
Suite 500
Atlanta, Georgia 30305

Adam P. Princenthal
PRINCENTHAL & MAY, LLC
5901 Peachtree Dunwoody Road
Building A, Suite 525
Sandy Springs, Georgia 30328

(b)     Appoint Kurtzman Carson Consultants ("KCC") as the third-party administrator of the settlement;

(c)     Appoint Valbridge Property Advisors | Cantrell Miller, L.L.C. ("Valbridge Property") as the appraiser and assessor of diminished value for the settlement;

(d)     Provide that certification of the Settlement Class shall be automatically vacated if this Agreement is terminated or otherwise disapproved in whole or in part by the Court, any appellate court, or any other court of review, or if Peerless invokes its right to revoke the agreement to settle as provided below.

(e)     Preliminarily approve the Agreement as sufficiently fair and reasonable to warrant sending notice of the settlement to Class Members;

(f)     Direct that Peerless and KCC use their best efforts to cause the Notice as set forth in Paragraph 22 below to be distributed by first class mail, postage prepaid, bearing the return address of KCC, within thirty (30) days after Preliminary Approval of the Proposed Settlement to all individuals known to be Class Members;

(g)     Approve the form of the Notice as set forth in Paragraph 22 below and determine that the distribution of the Notice and implementation of the Notice plan as described in Paragraphs 21-25 of the Agreement is both reasonable and the best practical under the circumstances, that the Notice is reasonably calculated to apprise the Class Members of the pendency of this case, and of the right to object or opt out of the settlement, and that this Notice constitutes due, adequate, and sufficient notice to all Persons entitled to receive Notice, and meets the requirements under the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution;

(h)     Approve the procedures for Class Members to exclude themselves from the Settlement Class or object to the Proposed Settlement as described in Paragraphs 53-61 of the Agreement;

(i)     Rule that any potential Class Member who does not submit a timely written request for exclusion will be bound by all proceedings, orders, and judgments in the case; and

(j)     Set certain dates in connection with Final Approval of the settlement and Schedule a Final Approval Hearing ninety (90) days from the date of the Preliminary Approval Order, or as soon thereafter as convenient for the Court.

19.     Preliminary certification of the Settlement Class and appointment of the Plaintiff as Class Representative and Class Counsel by the Court shall be binding only with respect to the Proposed Settlement.  In the event that the Proposed Settlement is not consummated for any reason, whether due

6

to a termination of this Agreement in accordance with its terms, a failure or refusal of the Court to approve the Proposed Settlement, or a reversal or modification of the Court's approval of the Proposed Settlement on appeal or any other reason, then:

       (a)    The Parties will seek to have the Court vacate the certification of the Settlement Class; and

       (b)    The Parties shall litigate the Action as though the Agreement has never been entered and the Settlement Class has never been certified; and

       (c)    The fact that this Agreement has been entered into shall not be offered, received, or construed as an admission by either party or as evidence for any purpose.

20.    Upon the Preliminary Approval of the Agreement and the Proposed Settlement as provided above, all proceedings in the case shall be stayed until further Order of the Court, provided, however, that the Parties may conduct any limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Agreement.

## NOTICE TO CLASS MEMBERS

21.    As soon as practicable after the Preliminary Approval of the Proposed Settlement, as provided above, Peerless will identify the Class Members and shall make a reasonable search of its records to ascertain the last known address of each potential Class Member.

22.    KCC will send a copy of the Notice, substantially in the form attached hereto as Exhibit B, by first class mail to each potential Class Member at the best available address following the procedures described herein.  Both Peerless and KCC will use their best efforts to complete the mailing of the Notice within thirty (30) days after the Preliminary Approval of the Proposed Settlement. Peerless and/or KCC will notify Class Counsel of compliance with this provision.

23.     If any Notice mailed to any Class Member is returned to KCC as undeliverable, then KCC shall perform a reasonable search for a more current address for the potential Class Member and re-send the returned Notice to the potential Class Member by first class mail.

24.     The Notice shall contain the name, address, and telephone number of KCC and Class Counsel and the address of the web page established to provide additional information to Class Members.

25.     Peerless will pay all costs of the mailing of the Notice to Class Members and all other costs associated with KCC's administration of the settlement, including but not limited to setting up and maintaining any toll-free telephone number, web page, and e-mail address and providing any necessary affidavits or declarations for Preliminary or Final Approval of the settlement.

## FINAL APPROVAL OF THE PROPOSED SETTLEMENT

26.     The Parties acknowledge that on the day set by the Court for the Final Approval Hearing, the Court may review any objections to the Proposed Settlement that have been timely filed, and conduct such other proceedings, including the taking of testimony, receipt of legal memoranda, and hearing of arguments from the Parties or others properly present at the Final Approval Hearing as the Court may deem appropriate under the circumstances.

27.     Within fourteen (14) days of completion of the Notice described above, the deadline for seeking exclusion from the Settlement Class as provided below, and the deadline for filing objections to the Proposed Settlement as provided below, Peerless and/or KCC shall provide to the Court and Class Counsel an affidavit and other evidence adequately demonstrating to the Court that the procedures for class notice have been completed. Peerless shall also provide to Class Counsel and Valbridge Properties the identities of the Class Members who have not excluded themselves and printouts of the computer-based claim files of the Class Members, or in the absence of such printouts

copies of the claims files themselves, in order for Valbridge Properties to perform the Desk Appraisals and Claim File Assessments as described in Paragraphs 33-41 of the Agreement.

28.     Not later than thirty (30) days prior to the Final Approval Hearing, to be held at the time, date, and location set by the Court and stated in the Notices sent to Class Members and in the Preliminary Approval Order, Class Counsel will file, and Peerless will not oppose, a motion seeking the Court's Final Approval of the Proposed Settlement.

29.     In seeking Final Approval of the settlement, Plaintiff will request that the Court enter a Final Judgment dismissing the case with prejudice, substantially in the form attached hereto as Exhibit C. This Final Judgment shall provide for the following:

(a)     Approving the Proposed Settlement without material alteration and directing the Parties and counsel to comply with and consummate the terms of this Agreement;

(b)     Certifying the Settlement Class for settlement purposes;

(c)     Finding that Class Counsel and Plaintiff have adequately represented the Settlement Class;

(d)     Finding that the terms of this Agreement are fair, reasonable, and adequate to the class;

(e)     Providing that each non-excluded member of the Settlement Class shall be bound by the provisions of this Agreement;

(f)     Finding that the mailing of the Notice and the methodology for notice implemented by this Agreement and approved by the Court was both reasonable and the best practicable notice, and satisfies the requirements of the Federal Rules of Civil Procedure and the due process requirements under the United States Constitution;

(g)     Awarding costs and fees to Class Counsel and an incentive award to CHIS, LLC as described in Paragraphs 47-49 of the Agreement and as the Court deems proper;

(h)     Directing Peerless to mail any payments via check to the Class Members in the amounts resulting from the settlement process set forth in this Agreement; and

(i)     Dismissing all claims in the Action as to Peerless on the merits and with prejudice, and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal.

30.     On the Effective Date, Plaintiff and the Class Members, including their heirs, trustees, executors, administrators, principals, beneficiaries, assigns, and successors will be bound by the Final Judgment and conclusively deemed to have fully released, acquitted, and forever discharged the Released Claims against the Released Parties, and further agree not to institute, maintain, or assert any claims against any Released Parties on these claims.

31.     Upon the entry of the Final Judgment described above, the case will be dismissed with prejudice as to Peerless, and Plaintiff, individually and on behalf of the Settlement Class, will release all Released Parties from any and all Released Claims.

32.     Nothing contained in this Agreement shall preclude actions necessary for the enforcement of the terms of this Agreement or any Final Judgment.

**RELIEF TO CLASS MEMBERS**

33.     Class Members who do not exclude themselves will be divided into two groups based on the amount paid on their underlying water damage claim.  Class Members who were paid $4,400.00 or more on their water damage claim will be placed into "Group A."  Class Members who were paid less than $4,400.00 on their water damage claim will be placed into "Group B."

34.     For Class Members who fall within Group A, Peerless will pay for a Uniform Standards of Professional Appraisal Practice ("USPAP") compliant "Desk Appraisal."  The Desk Appraisals for Class Members will be conducted by Valbridge Property.  Through the Desk Appraisals, Valbridge Property will determine whether any Class Member within Group A suffered diminished value because of the damage associated with the underlying claim and, if so, the amount of diminished value.   Peerless will pay a total of $332,000 for the Desk Appraisals.  Peerless will pay Valbridge Properties 50% of this amount ($166,000) at the time, pursuant to Paragraph 27 of the Agreement, that Peerless provides the information for Valbridge Properties to perform the Desk Appraisals and Claim File Assessments described herein.

35.     Valbridge Property will provide a written diminished value report ("DV Report") reflecting the amounts of diminution in value, if any, associated with each property and the basis for its conclusions. The cost of creating the DV Report shall be included in the price of the Desk Appraisals set forth in paragraph 34.

36.     For Class Members who fall within Group B, Peerless will pay for "Claim File Assessments." The Claim File Assessment will consist of a review of each Class Member's claim file to determine whether, based upon the damage to the property and repair, the subject property could have suffered diminution in value and whether further Desk Appraisal is warranted. These Claim File Assessments will also be conducted by Valbridge Property at a set hourly rate for review, but in no event will Peerless pay more than five hundred dollars ($500) for each Claim File Assessment.  The maximum to be paid by Peerless for the Claim File Assessments is $18,000. Valbridge Property must submit true and accurate statements reflecting the hours worked on each Claim File Assessment before Peerless will reimburse for any work performed.

37.     Based on these Claim File Assessments, Valbridge Property will determine whether any Class Member within Group B could have suffered any diminished value and whether a Desk Appraisal of the property is necessary given the nature of the damage associated with the claim. Valbridge Property will provide a written report ("Claim File Report") reflecting its conclusions, and stating which properties within Group B, if any, should receive full Desk Appraisals. The cost of creating the Claim File Report is included in the price of the Claim File Assessment.

38.     Peerless and an expert of its choice will have the opportunity to review the Claim File Report. Peerless will have fourteen (14) days to challenge the Claim File Report's conclusions. If the conclusions are not challenged, the Class Members identified in the Claim File Report as qualifying for a Desk Appraisal will receive a Desk Appraisal at a cost of $3,772.73 per property, consistent with the Desk Appraisals conducted for the Class Members in Group A.

39.     If Peerless challenges the Claim File Report, Peerless's expert and Valbridge Property will have fourteen (14) days to reach an agreement regarding whether Desk Appraisal of the property is necessary. If the experts cannot reach an agreement, a third-party "Umpire" agreed upon by the Parties will render a binding decision of whether a Desk Appraisal is warranted. The Umpire will review the Claim File Report at a set hourly rate to be paid by Peerless, but in no event will Peerless pay more than five hundred dollars ($500) for review of any single Claim File Report. Regardless of how the final determination is made—by Valbridge Property's unchallenged determination, collaboration between the experts, or the Umpire—no Class Member may challenge or otherwise appeal the determination of whether a property will be further appraised. If, through this process, a final determination is made that a Desk Appraisal should occur, Peerless will pay for that Desk Appraisal at a cost of $3772.73 per property, consistent with the Desk Appraisals conducted for the Class Members in Group A as described in paragraphs 34 and 35 above.

40.    Valbridge will provide a copy of the DV Report to Peerless. Peerless and the expert of its choice will have the opportunity to review the DV Report. Peerless will have fourteen (14) days to challenge the DV Report's conclusions. If the conclusions are not challenged, Peerless will pay the amount of diminished value calculated to the particular Class Member through the process identified below.

41.    If Peerless challenges any conclusion within the DV Report, Peerless's expert and Valbridge Property will then have fourteen (14) days to reach an agreement regarding whether the class property has suffered diminished value and the amount of diminished value owed, if any. If the experts cannot reach an agreement, a third-party "Umpire" agreed upon by the Parties will render a binding decision as to whether the property suffered diminished value. The Umpire will review the DV Report at a set hourly rate with the cost to be paid by Peerless. The amount payable to the Umpire will be capped per disputed property, but in no event will Peerless pay more than five hundred dollars ($500) for review of any single claim identified in the DV Report. Regardless of how the final determination is made—by Valbridge Property's unchallenged determination, collaboration between the experts, or the Umpire—no Class Members may challenge or otherwise appeal the determination regarding diminished value.

42.    Any payments sent to Class Members which are returned or otherwise undeliverable shall be distributed according to the unclaimed property laws for the State of Georgia.

## CLAIMS ADMINISTRATION

43.    Within thirty (30) days after the Preliminary Approval of this settlement, Peerless will cause KCC to send the Notice, as attached as Exhibit B, to the Class Members.

44.    Communications with potential Class Members regarding the settlement shall be handled through KCC or Class Counsel, if required.  In the event that Peerless or its counsel receives

any communications from potential Class Members regarding the settlement, those communications shall be relayed to KCC or Class Counsel.

45.     Peerless will pay the costs of printing, reproducing, and mailing any checks, forms, Notices, or other responses that may be sent in connection with the administration of the claims process described in this Agreement.

46.     Within 150 days following Final Approval of this settlement, the Parties will have concluded all Claim File Assessments and all necessary Desk Appraisals, resolved whether diminished value exists for any of the class properties, and notified all class members whether or not their properties were determined to have suffered diminished value.  Peerless shall also make all payments due under this Agreement, including diminished value payments, if any, within 150 days following Final Approval of this settlement.

## ATTORNEYS' FEES COSTS AND EXPENSES

47.     Class Counsel's entitlement, if any, to an award of attorneys' fees, costs, and/or expenses will be determined by the Court.

48.     Plaintiff will file a motion with the Court at least thirty (30) days prior to the Final Approval Hearing requesting reimbursement of Class Counsel's costs in this case in an amount not to exceed $15,000 and payment of a fee to Class Counsel in an amount equal to 20% of the value conferred upon the Class as follows: (1) $66,400 (an amount equal to 20% of the amount Peerless pays Valbridge Property for Desk Appraisals of the Group A Properties), (2) an amount equal to 20% of the amount Peerless pays Valbridge Property for Claim File Assessments of the Group B Properties and, if necessary, Desk Appraisals of any Group B Properties, and (3) an amount equal to 20% of the amount of any diminished value Peerless pays to policyholders with respect to Group A Properties and Group B Properties.  Peerless agrees to make these payments to Class Counsel if approved by the Court

so that these payments will not reduce the amounts of any payments to Class Members.  At the Final Approval Hearing, Class Counsel will ask the Court to issue an award of attorneys' fees, costs, and expenses up to this amount. Peerless understands that Class Counsel will present a basis for these fees at the Final Approval Hearing, and Peerless will not object to Class Counsel making this presentation or seeking an award of attorneys' fees, costs, and expenses to be paid in the amount set forth above. All attorneys' fees, costs and expenses will be payable to Class Counsel within thirty (30) days after the Effective Date.

49.      Peerless will, subject to Court approval, pay Plaintiff an amount not to exceed $5,000 as an incentive award for acting as the class representative.

## TERMINATION, EXCLUSIONS AND OBJECTIONS

50.      Peerless shall have the right, exercisable at its sole discretion, to terminate this Agreement by delivering written Notice of such election to Class Counsel within fourteen (14) days after the occurrence of any of the following events:

(a)      If the Court or any appellate court rejects, denies approval, disapproves, modifies, or attempts to modify the Agreement or any portion of the Agreement, that Peerless, in its exercise of reasonable judgment believes is material, including but not limited to the terms of the relief, the provisions related to Notice, the definition of the Settlement Class, and the released claims;

(b)      The Court or any appellate court does not completely and unconditionally affirm any portion of the Agreement, the Preliminary Approval Order or Final Judgment that Peerless, in its exercise of reasonable judgment believes is material;

(c)      If the number of Persons who exclude themselves from the Settlement Class equals or exceeds 20;

(d)      If Plaintiff or any Class Member individually represented by Class Counsel opts out of, excludes him or herself from the settlement, or objects to the settlement or this Agreement;

(e)      If any of the financial obligations specified and accepted by Peerless in this Agreement are changed or modified.

51.      If any option to withdraw from and terminate the Agreement arises under the preceding paragraphs, Peerless is not required to exercise this option.

52.      If the proposed Agreement shall fail for any reason other than a breach by one of the Parties or if the Agreement is properly terminated by Peerless pursuant to this Agreement, then:

(a)      The Agreement and the Proposed Settlement shall have no further force and effect and all proceedings that have taken place with regard to this Agreement and the Proposed Settlement shall be without prejudice to the rights of the Parties;

(b)      The Agreement and all negotiations, statements, and proceedings related to them shall be without prejudice to the rights of the Parties, and the Parties shall be restored their respective positions existing immediately before settlement negotiations and the execution of this agreement;

(c)      The Agreement and any provision of this Agreement, including any monetary terms and the fact of this Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever;

(d)      The Parties agree that they will not thereafter argue or raise a claim or defense, including but not limited to waiver, estoppel, or other similar theories, that the Agreement and related proceedings and filings delayed or otherwise precluded the litigation.

53.     Class Members have the right to exclude themselves from the settlement and pursue a separate and independent remedy against Peerless.  Any Class Member who wishes to exclude himself or herself from the Settlement Class must submit a written request for exclusion.  To be effective, a request must be mailed to KCC at the address provided in the Notice, and must be postmarked no later than fourteen (14) days prior to the date set for the Final Approval Hearing and include:  (a) the Class Member's name and address; (b) a clear and unequivocal statement that the Class Member wishes to be excluded from the Settlement Class; and (c) the signature of the appropriate, Legally Authorized Representative of such Class Member.

54.     KCC shall log each request for exclusion that it receives, and provide copies of the log and all such requests for exclusion, to Peerless and Class Counsel as requested.

55.     Any Class Member who does not request exclusion from the Settlement Class may object to the Proposed Settlement.  Any Class Member who chooses to object must do so through a written notice of intent to object in the format set forth in paragraphs 56-59.  Any Class Member may appear at the Final Approval Hearing in person or by counsel and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement and on the application for an award of attorneys' fees and costs.  The right to object to the Proposed Settlement must be exercised individually and by an individual Class Member, not as a member or group of a subclass, and, except in the case of a deceased or otherwise incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

56.     To be effective, a notice of intent to object to the Proposed Settlement must be filed with the Clerk of the Court in this case not later than fourteen (14) days prior to the date set in the Notice for the Final Approval Hearing and be sent to KCC by first class mail, postmarked no later than

fourteen (14) days prior to the date set in the class Notice for the Final Approval Hearing, and must contain the following:

       (a)     A heading, which includes the name of the Action and the case number;

       (b)     The full name, address, telephone number, and signature of the Class Member's Legally Authorized Representative;

       (c)     The specific reasons why the Class Member objects to the Proposed Settlement;

       (d)     A list of other cases in which the Class Member or its Counsel has appeared either as an objector or counsel for an objector; and

       (e)     Any filing must comply with all applicable law and rules for filing pleadings and documents in the Court, and must also state whether the objecting Class Member intends to appear at the Final Approval Hearing.

57.     In addition to the information set forth above, a notice of intent to object must contain the following additional information if the Class Member requests permission to speak at the Final Approval Hearing:

       (a)     A detailed statement of the specific legal and factual basis for each objection being asserted;

       (b)     A list of any and all witnesses whom the objecting Class Member may call at the Final Approval Hearing, with the address of each witness and a summary of the proposed testimony;

       (c)     A detailed description of any evidence, with copies of the exhibits attached, the objecting Class Member may offer at the Final Approval Hearing, and proof of membership in the Settlement Class;

58.     Any Class Member who does not file a timely notice of intent to object in accordance with the above paragraphs shall waive the right to object or to be heard at the Final Approval Hearing, and shall be forever barred from making any objection to the settlement.

59.     Any Class Member who objects to the Proposed Settlement understands that such objections may be overruled in whole or in part, and these Class Members understand that if their objections to the Proposed Settlement are overruled, they will forever be bound by the judgment of the Court.

60.     Class Members can avoid being bound by the judgment of the Court by complying with the exclusion provisions as set out in paragraph 53 above.

61.     At least seven (7) days before the Final Approval Hearing, Class Counsel shall give Peerless a copy of each notice of the intent to object received by Class Counsel.

## OTHER PROVISIONS

62.     Peerless has indicated its intent to vigorously contest each and every claim in the Action.  Peerless maintains that it has at all times acted consistently and in accordance with the governing laws and regulations, and Peerless denies each and every material allegation in the case. Peerless, nonetheless, has concluded that it is in its best interest that the case be settled on the terms and conditions as set forth in this Agreement.  Peerless reached this conclusion after considering the expense that would be necessary to defend the case through trial and through any appeals that might be taken, as well as substantial benefits of reaching a final resolution of the case.  As a result, Peerless enters into this Agreement without in any way admitting, conceding or acknowledging any fault, liability, or wrongdoing.  Nothing in this Agreement nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by Peerless as to the truth of any of the allegations in the case, or of any liability, fault, or wrongdoing of

19

any kind on the part of Peerless.  This Agreement shall not be offered or received in evidence in any Action or proceeding in any court, administrative panel, or proceeding or other tribunal as any admission or concession of liability or wrongdoing of any nature on Peerless's part.

63.    Peerless, Class Counsel, and KCC shall retain any and all individual Notices and correspondence related thereto for a period of three (3) years after the Effective Date.  Nothing in this Agreement shall be construed to require Class Counsel, Peerless, or KCC to retain records beyond their respective discretionary record retention policies.

64.    The Effective Date of the Final Settlement shall be the first date on which all the following statements are true:

(a)    All Parties have executed this Agreement;

(b)    No party has terminated this Agreement;

(c)    The Court has preliminarily approved the Agreement and Proposed Settlement;

(d)    The Court has entered a Final Judgment substantially in the form of Exhibit C approving this Agreement and the Proposed Settlement without material alteration, and dismissing the Action with prejudice;

(e)    One of the following has occurred: (i) The time to appeal from the Final Judgment has expired without the filing of any appeal of any terms of or any Court rulings pertaining to terms of the Final Settlement, the Agreement, or the request for attorney's fees, or (ii) any such appeal has been dismissed or grounds for such appeal overruled by final appellate ruling, and the passage of time and/or decision of an appellate court has made further appellate review unavailable.

65.    The Parties hereto and their undersigned counsel agree to use their best efforts to cooperate with each other to effectuate this Agreement and the terms of the Proposed Settlement,

including any and all steps to be taken and efforts contemplated by this Agreement and other reasonable steps and efforts which may be necessary by Order of the Court or otherwise.

66.     The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

67.     Except as otherwise provided, this Agreement contains the entire agreement of the Parties hereto and supersedes any prior agreements or understandings between them.  Any and all terms of this Agreement are contractual and are not mere recitals, and shall be construed as to have been drafted by all Parties to this agreement.

68.     The terms of this Agreement are and shall be binding upon each of the Parties hereto, upon each of their agents, attorneys, employees, successors, and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including the Class Members.

69.     This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties.  Amendments and modifications may be made without official Notice to potential Class Members, unless such Notice is required by the Court.

70.     This Agreement shall be subject to, governed by, construed of, and enforced pursuant to the laws of Georgia.

71.     The Exhibits to this Agreement are integral parts of the settlement, and are hereby incorporated and made parts of this Agreement.

72.     The Agreement may be executed in counterparts, each of which shall constitute an original.

Jointly submitted this __ day of June 2016.

By _____

Cari K. Dawson
Georgia Bar No. 213490
Daniel F. Diffley
Georgia Bar No. 221703
David B. Carpenter
Georgia Bar No. 292101
E. Bowen Reichert Shoemaker
Georgia Bar No. 222443
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
dan.diffley@alston.com
david.carpenter@alston.com
bowen.shoemaker@alston.com

*Attorneys for Defendant Peerless Indemnity
Insurance Company*

By_____

James C. Bradley
jbradley@rpwb.com
Michael J. Brickman
mbrickman@rpwb.com
Nina Fields Britt
nfields@rpwb.com
Matthew A. Nickles
mnickles@rpwb.com
RICHARDSON, PATRICK,
WESTBROOK &
BRICKMAN, LLC
1017 Chuck Dawley Blvd. (29464)
Post Office Box 1007
Mount Pleasant, South Carolina 29465
Phone: 843-727-6500

Richard Kopelman (GA Bar No. 428115)
richard@kopelmansitton.com
Clint W. Sitton (GA State Bar No. 649420)
clint@kopelmansitton.com
KOPELMAN SITTON LAW GROUP,
LLC
3405 Piedmont Road, N.E.
Atlanta, Georgia 30305
Phone: 404-351-5900

C. Cooper Knowles (GA Bar No. 426699)
cknowles@cckfirm.com
The Law Office of C. Cooper Knowles,
LLC
3405 Piedmont Road, N.E., Suite 500
Atlanta, Georgia 30305
Phone: 678-399-8551

Adam P. Princenthal (GA Bar No. 588219)
adam@princemay.com
PRINCENTHAL & MAY, LLC
5901 Peachtree Dunwoody Road
Building A, Suite 525
Sandy Springs, Georgia 30328
Phone: 678-534-1980

*Attorneys for Plaintiff*

Jointly submitted this 6th day of June 2016.

By _____

Cari K. Dawson
Georgia Bar No. 213490
Daniel F. Diffley
Georgia Bar No. 221703
David B. Carpenter
Georgia Bar No. 292101
E. Bowen Reichert Shoemaker
Georgia Bar No. 222443
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
dan.diffley@alston.com
david.carpenter@alston.com
bowen.shoemaker@alston.com

*Attorneys for Defendant Peerless Indemnity
Insurance Company*

By _____

James C. Bradley
jbradley@rpwb.com
Michael J. Brickman
mbrickman@rpwb.com
Nina Fields Britt
nfields@rpwb.com
Matthew A. Nickles
mnickles@rpwb.com
RICHARDSON, PATRICK,
WESTBROOK &
BRICKMAN, LLC
1017 Chuck Dawley Blvd. (29464)
Post Office Box 1007
Mount Pleasant, South Carolina 29465
Phone: 843-727-6500

Richard Kopelman (GA Bar No. 428115)
richard@kopelmansitton.com
Clint W. Sitton (GA State Bar No. 649420)
clint@kopelmansitton.com
KOPELMAN SITTON LAW GROUP,
LLC
3405 Piedmont Road, N.E.
Atlanta, Georgia 30305
Phone: 404-351-5900

C. Cooper Knowles (GA Bar No. 426699)
cknowles@cckfirm.com
The Law Office of C. Cooper Knowles,
LLC
3405 Piedmont Road, N.E., Suite 500
Atlanta, Georgia 30305
Phone: 678-399-8551

Adam P. Princenthal (GA Bar No. 588219)
adam@princemay.com
PRINCENTHAL & MAY, LLC
5901 Peachtree Dunwoody Road
Building A, Suite 525
Sandy Springs, Georgia 30328
Phone: 678-534-1980

Jointly submitted this 6th day of June 2016.

By _David B. Carpenter_                         By _____

Cari K. Dawson
Georgia Bar No. 213490
Daniel F. Diffley
Georgia Bar No. 221703
David B. Carpenter
Georgia Bar No. 292101
E. Bowen Reichert Shoemaker
Georgia Bar No. 222443
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
dan.diffley@alston.com
david.carpenter@alston.com
bowen.shoemaker@alston.com

*Attorneys for Defendant Peerless Indemnity
Insurance Company*

James C. Bradley
jbradley@rpwb.com
Michael J. Brickman
mbrickman@rpwb.com
Nina Fields Britt
nfields@rpwb.com
Matthew A. Nickles
mnickles@rpwb.com
RICHARDSON, PATRICK,
WESTBROOK &
BRICKMAN, LLC
1017 Chuck Dawley Blvd. (29464)
Post Office Box 1007
Mount Pleasant, South Carolina 29465
Phone: 843-727-6500

Richard Kopelman (GA Bar No. 428115)
richard@kopelmansitton.com
Clint W. Sitton (GA State Bar No. 649420)
clint@kopelmansitton.com
KOPELMAN SITTON LAW GROUP,
LLC
3405 Piedmont Road, N.E.
Atlanta, Georgia 30305
Phone: 404-351-5900

C. Cooper Knowles (GA Bar No. 426699)
cknowles@cckfirm.com
The Law Office of C. Cooper Knowles,
LLC
3405 Piedmont Road, N.E., Suite 500
Atlanta, Georgia 30305
Phone: 678-399-8551

Adam P. Princenthal (GA Bar No. 588219)
adam@princemay.com
PRINCENTHAL & MAY, LLC
5901 Peachtree Dunwoody Road
Building A, Suite 525
Sandy Springs, Georgia 30328
Phone: 678-534-1980

22

**SETTLEMENT AGREEMENT**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

CHIS, LLC, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

        Plaintiff,

   v.

PEERLESS INDEMNITY INSURANCE
COMPANY,

        Defendant.

Civil Action No. 5:14-cv-00277-MTT

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

This matter comes before the Court upon Plaintiff CHIS, LLC's ("Plaintiff") Unopposed

Motion for Preliminary Approval of the Settlement Agreement ("Settlement Agreement")

entered into between Plaintiff and Defendant Peerless Indemnity Insurance Company

("Peerless," and together with the Plaintiff, the "Settling Parties") in this Action.  Good cause

appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      Capitalized terms not otherwise defined herein shall have the same meaning as set

forth in the Settlement Agreement.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and has

personal jurisdiction over the Settling Parties. Venue is proper in this District.

3.      This Action is provisionally certified as a class action, for the purposes of

settlement only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e).  The

Settlement Class is defined as follows:

> Each and every person or business formerly or currently insured under businessowners insurance policies issued by Peerless that provide coverage for property located in the State of Georgia who, within the Class Period, presented first-party claims arising from direct physical losses to their properties as a result of water damage to their buildings, which are events covered by the policy, wherein diminution of value was not assessed or paid in connection with said claims.

The Settlement Class does not include: (i) officers, directors, employees, and agents of Peerless and/or their immediate families; (ii) Class Counsel, Peerless's counsel of record in the action and judicial officers of the Court to which this case is assigned; or (iii) any persons who make a timely election to be excluded from the Settlement Class as provided in the Settlement Agreement. The Class Period is the period from July 24, 2008, through April 15, 2016.

4.    Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Settling Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

5.    The Court preliminarily approves the proposed Settlement Agreement as fair, reasonable and adequate, entered into in good faith, free of collusion and within the range of possible judicial approval.

6.    The Court appoints Plaintiff CHIS, LLC as class representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court finds that Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so.

7.    The Court appoints the following counsel as Class Counsel for the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:  Michael J. Brickman, James C. Bradley, and Nina Fields Britt of Richardson, Patrick, Westbrook & Brickman, LLC; Richard Kopelman and Clint W. Sitton of Kopelman Sitton Law Group, LLC; Adam P. Princenthal of

Princenthal & May, LLC; and C. Cooper Knowles of Law Offices of C. Cooper Knowles.  The Court finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so.

8.      The Court appoints Kurtzman Carson Consultants, LLC ("KCC") to serve as the settlement administrator and directs KCC to carry out all duties and responsibilities of the settlement administrator specified in the Settlement Agreement.

9.      The Court appoints Valbridge Property Advisors | Cantrell Miller, L.L.C. ("Valbridge Property") as the appraiser and assessor of diminished value for the Settlement Class and directs Valbridge Property to carry out the duties and responsibilities of the appraiser and assessor of diminished value specified in the Settlement Agreement.

10.     The Court approves the proposed program for disseminating notice to the Settlement Class set forth in the Settlement Agreement (the "Notice Program").  The Court approves the form and content of the proposed form of notice, in the form attached as Exhibit B to the Settlement Agreement.  The Court finds that the proposed form of notice is clear and readily understandable by Class Members.  The Court finds that the Notice Program, including the proposed form of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Settlement Class of the Settlement Agreement that is required.

11.     As soon as practicable after the entry of this Order, Defendant will provide the settlement administrator with a Settlement Class list that includes names and last known contact information for each Class Member based on a reasonable search of Defendant's records.

12. The "Notice Date" shall be thirty (30) days following the entry of this Order.

13. By no later than the Notice Date, Peerless will cause KCC to send a copy of the Notice, substantially in the form attached hereto as Exhibit B, by first class mail to each potential Class Member. Peerless and/or KCC will notify Class Counsel of compliance with the mailing of Notice. For any Notice that is returned undeliverable without forwarding address information, KCC shall make reasonable efforts to identify an updated address and shall re-mail the Notice to the new address as identified.

14. Any Class Member that wishes to be excluded from the Settlement Class must mail a written request for exclusion to the settlement administrator at the address provided in the Notice. The request must be postmarked no later than fourteen (14) days prior to the date set in the Notice for the Final Approval Hearing, and must include the information described in the Notice. If the Settlement Agreement is finally approved as defined in the Settlement Agreement, any Class Member that does not send a timely and valid request for exclusion shall be a Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the release provisions set forth in the Settlement Agreement.

15. Any Settlement Class Member may object to the Settlement Agreement, Class Counsel's request for attorneys' fees and expenses ("Fee Application"), and/or any request for an incentive award for Plaintiff. To be considered, a notice of intent to object must be filed with the Clerk of Court not later than 14 days prior to the date set in the Notice for the Final Approval Hearing and mailed to KCC postmarked no later than 14 days prior to the date set in the class Notice for the Final Approval Hearing. The notice of intent to object must contain all of the information described in the Settlement Agreement and the Notice. Any Settlement Class

4

Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement Agreement, Class Counsel's Fee Application, and any request for an incentive award for Plaintiff.

16.     Any Settlement Class Member who submits a timely and valid written objection may appear at the Final Approval Hearing, either in person or through personal counsel hired at the Settlement Class Member's own expense, if they indicate in their written objection their intent to appear at the Final Approval Hearing as described in the Settlement Agreement.

17.     KCC shall log each request for exclusion it receives and provide copies of the log and all requests for exclusion to Class Counsel and Defendant's Counsel as requested. At least seven (7) days before the Final Approval Hearing, Class Counsel shall give Counsel for Peerless a copy of each notice of intent to object received by Class Counsel.

18.     Within fourteen (14) days of completion of the Notice described above, the deadline for seeking exclusion from the Settlement Class as provided above, and the deadline for filing objections to the Proposed Settlement as provided above, Defendant and/or KCC shall provide to the Court and Class Counsel an affidavit and other evidence adequately demonstrating to the Court that the procedures for Notice have been completed. Peerless shall also provide to Class Counsel and Valbridge Properties the identities of the Class Members who have not excluded themselves and printouts of the computer-based claim files the Class Members, or in the absence of such printouts copies of the claims files themselves, in order for Valbridge Properties to carry out the duties and responsibilities of the appraiser and assessor of diminished value for the Settlement Class.

19.     The Court directs that the Fairness Hearing be scheduled for _____, 20__, at __o'clock __.m. to assist the Court in determining whether the proposed Settlement

Agreement should be finally approved as fair, reasonable and adequate to the Settlement Class Members; whether Final Judgment should be entered dismissing the Action with prejudice; whether Class Counsel's Fee Application should be approved; and whether any request for an incentive award for Plaintiff should be approved.

20.     Not later than thirty (30) days prior to the Final Approval Hearing, Class Counsel will file, and Defendant will not oppose, a motion seeking the Court's Final Approval of the Proposed Settlement.  Class Counsel shall file their Fee Application and any request for an incentive award for Plaintiff by no later than thirty (30) days prior to the Final Approval Hearing.

21.     The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind; therefore, any Settlement Class Member intending to attend the Final Approval Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time and location of the Final Approval Hearing with Class Counsel.

22.     This Order shall become null and void and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if:  (a) the Settlement Agreement is not finally approved by the Court; or (b) the Settlement Agreement is terminated in accordance with the Settlement Agreement.

23.     Pending the final determination of whether the Settlement Agreement should be approved, all non-settlement related proceedings in the Action are hereby stayed.  If the Settlement Agreement is terminated or the Settlement Agreement is not finally approved, the stay shall be terminated.

24.     The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Date by which Peerless and KCC will provide Notice to the Settlement Class | **[30 days following entry of the Preliminary Approval Order]** |
| Date Set for Final Approval Hearing | **[90 days following the Preliminary Approval Order, or at the Court's earliest convenience thereafter]** |
| Last day for: (a) the Parties to file any motions in support of final approval of the Settlement Agreement; and (b) Class Counsel to file a petition for fees and costs and an incentive award for the Named Plaintiff | **[30 days prior to the Final Approval Hearing]** |
| Opt-Out Deadline (Last day for Settlement Class Members to opt-out of the Settlement) | **[14 days prior to the Final Approval Hearing]** |
| Objection Deadline (Last day for Settlement Class Members to file objections to the Settlement) | **[14 days prior to the Final Approval Hearing]** |

**IT IS SO ORDERED.**

Dated: _____        _____

                                        The Honorable Marc T. Treadwell
                                        United States District Judge
                                        Middle District of Georgia

7

**SETTLEMENT AGREEMENT**

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

**Name:**

**Address:**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*
*You are not being sued.*

**If you are a Class Member, your legal rights are affected whether you act or do not act.**

**PLEASE READ THIS NOTICE CAREFULLY**

**For more information visit www. _____.com**

- This Notice provides information about a proposed settlement of a class action lawsuit concerning whether Peerless Indemnity Insurance Company failed to assess and pay diminished value for properties in Georgia insured by Peerless that suffered water damage.  Peerless denies any wrongdoing and maintains that it has complied with its obligations under applicable law.

- Under the settlement, Peerless will pay for an appraiser to review your water damage insurance claim to determine whether your property suffered diminished value resulting from water damage.  If the Court approves the settlement and your property is determined to have suffered diminished value, you will receive compensation in the amount of the diminished value from Peerless (in the form of a check).  The process for determining how your claim will be reviewed is explained below.

- Based on Peerless's records, [name of class member] is a part of this settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **EXCLUDE YOURSELF** | No review of your insurance claim.  This is the only option that allows you to ever be a part of any other lawsuit against Peerless about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive review of your insurance claim and possibility of compensation in the amount of the diminished value resulting from water damage from Peerless if your property is determined to have suffered diminished value. |

- These rights and options, **and the deadlines to exercise them,** are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve this settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THIS LAWSUIT OR NOTICE. IF YOU HAVE QUESTIONS ABOUT THIS LAWSUIT YOU CAN VISIT WWW. _____.COM OR CONTACT THE SETTLEMENT ADMINISTRATOR TOLL-FREE AT 1-___-___-____ OR CLASS COUNSEL AT 843-727-6500.**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ......................................................................................................... __

    1.  Why did I get this Notice?
    2.  Which companies are part of the settlement?
    3.  What is this lawsuit about?
    4.  Why is this a class action?
    5.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ........................................................................................... __

    6.  How do I know if I am part of the settlement?
    7.  Are there exceptions to being included?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU DO NOT OPTOUT** ........................... __

    8.  What does the settlement provide?
    9.  When will I learn if I am entitled to payment?
    10.  What if I disagree with the determination of diminished value for my property?
    11.  What am I giving up to stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .............................................................. __

    12.  How do I exclude myself from the settlement?
    13.  What is a "Legally Authorized Representative"?
    14.  If I do not exclude myself, can I sue the Defendant for the same thing later?
    15.  If I exclude myself, can I get a payment from this settlement?

**THE LAWYERS REPRESENTING YOU** .................................................................................. __

    16.  Do I have a lawyer in this case?
    17.  How will the lawyers get paid?  What is the Class Representative Incentive Award?

**OBJECTING TO THE SETTLEMENT** .................................................................................... __

    18.  How do I tell the Court that I do not like the settlement?
    19.  What is the difference between objecting and excluding yourself?

**THE COURT'S FINAL APPROVAL HEARING** ......................................................................... __

    20.  When and where will the Court decide whether to approve the settlement?
    21.  Do I have to come to the Hearing?
    22.  May I speak at the Hearing?

**IF YOU DO NOTHING** ........................................................................................................ __

    23.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ......................................................................................... __

    24.  How do I get more information about the settlement?

## BASIC INFORMATION

### 1.   Why did I get this Notice?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action, and about all of your options, before the Court decides whether to give "final approval" to the settlement.  If the Court approves the parties' Settlement Agreement, and after any objections and appeals are resolved, payments will be made to those who qualify.

Judge Marc T. Treadwell of the United States District Court for the Middle District of Georgia is overseeing this class action.  This case is known as *CHIS, LLC v. Peerless Indemnity Insurance Company*, No. 5:14-CV-277-MTT (M.D. Ga.).

This Notice explains the lawsuit, the settlement, your legal rights and what benefits are available under the settlement.

### 2.   Which companies are part of the settlement?

This settlement involves Peerless Indemnity Insurance Company.  This Notice also sometimes refers to the company as "Peerless" or "Defendant."

### 3.   What is this lawsuit about?

The lawsuit claims that Peerless failed to assess and pay diminished value for properties in Georgia insured by Peerless that suffered water damage in violation of Georgia law.

Peerless denies that it did anything wrong and maintains that it has complied with its obligations under Georgia law. The Parties, however, have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of continued litigation.

### 4.   Why is this a class action?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, CHIS, LLC) sue on behalf of people who have similar claims.  All these people are a "Class" or "Class Members."  One court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

### 5.   Why is there a settlement?

Both sides agreed to a settlement to avoid the cost, delay, and uncertainty of further litigation.  Class Counsel think that the settlement is in the best interest of the Class and that the settlement is fair, adequate, and reasonable.

## WHO IS IN THE SETTLEMENT

### 6.   How do I know if I am part of the settlement?

Because you are receiving this Notice, Peerless believes that you are part of the Class, based on a review of its records.  The Class includes each and every person or business formerly or currently insured under businessowners insurance policies issued by Peerless that provide coverage for property located in the State of Georgia who, within the Class Period, presented first-party claims arising from direct physical losses to their properties as a result of water damage to their buildings, which are events covered by the policy, wherein diminution of value was not paid in connection with said claims.

**7.   Are there exceptions to being included?**

Yes.  Excluded from the Settlement Class are all officers, directors, employees, and agents of Peerless, Class Counsel and Peerless's counsel of record, and members of the judiciary assigned to this case.

---

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU DO NOT OPT-OUT

---

**8.   What does the settlement provide?**

Class Members who do not exclude themselves will be divided into two groups based on the amount paid on their underlying water damage claim.  Class Members who were paid $4,400.00 or more on their water damage claim will be placed into "Group A."  Class Members who were paid less than $4,400.00 on their water damage claim will be placed into "Group B."

For "Group A" properties, Peerless will pay for a Uniform Standards of Professional Appraisal Practice ("USPAP") compliant appraisal to determine whether those properties suffered diminished value as a result of water damage.  For "Group B" properties, Peerless will pay for a review of each Class Member's claim file to determine whether, based upon the damage to the property and repair, the subject property could have suffered diminution in value and whether further USPAP compliant appraisal is warranted.  If it is ultimately determined that a Class Member's property suffered diminished value in connection with its water damage claim, Peerless will pay that amount to the affected Class Member. For a more detailed description of this process, please visit the settlement website at www. _____.com.

Peerless will pay CHIS, LLC an incentive award in an amount to be approved by the Court of up to $5,000 and will also pay the costs of settlement notice and administration. Peerless has also agreed to reimburse Class Counsel's costs and to pay Class Counsel's fees.

If the settlement becomes final, the lawsuit will be dismissed with prejudice, and Peerless will receive a complete release and discharge of the claims asserted in the lawsuit.

**9.   When will I learn if I am entitled to payment?**

The exact date that Class Members will be notified if their properties are determined to have suffered diminished value (the "Notification Date") is not known at this time.

The Court will hold a hearing on _____ __, 2016, at __ _.m. (Eastern time) to decide whether to approve the settlement.  If the Court approves the settlement (see the section "The Court's Final Approval Hearing," below), there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time.

If the Court approves the settlement, and the settlement becomes final (in other words, any appeals have been finally resolved), the Notification Date will be no later than 150 days after the settlement becomes final.

The settlement website (www. _____.com) will post updates on the Notification Date.  Or you can call us toll-free at 1-___-___-____ or send an e-mail to mail@ _____.com to learn the status.

**10. What if I disagree with the determination of diminished value for my property?**

All determinations under this settlement are final, binding, and non-appealable.  If the settlement is given final approval by the Court, Class Members will not thereafter have the right to object to the calculation of their payment, or the decision whether they are eligible for payment.  All Class Members who do not ask to be excluded may object to the terms of the settlement as described in section 18 below.

**11. What am I giving up to stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Peerless about the legal issues in *this* case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you stay in the Class, you will agree to "release and discharge" Peerless as described in Paragraphs 14, 15, 30 and 31of the Settlement Agreement.

A complete copy of the Settlement Agreement can be obtained at www. _____.com. Talk to Class Counsel (see the section on "The Lawyers Representing You") or your own lawyer if you have questions about the Released Claims or what they mean.

---

## EXCLUDING YOURSELF FROM THE SETTLEMENT

---

If you do not want a payment from this settlement, but you want to keep the right to sue Peerless on your own about the legal issues in this case, then you must take steps to exclude yourself from the settlement.  This is sometimes referred to as "opting out" of the Class. If you exclude yourself from the settlement, you will not be a Class Member and you will not receive any benefit from the Settlement.

**12.  How do I exclude myself from the settlement?**

To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by first-class mail with a clear statement that you want to be excluded from the *CHIS v. Peerless* settlement.

Your letter must include your name, address, telephone number, and your signature.  If you are sending the request to be excluded as the "Legally Authorized Representative" of a Class Member (see Question 13 for the definition of that term), you must include any information or documents that confirm your appointment or status as a Legally Authorized Representative.  Requests for exclusion must be submitted individually by a Class Member's Legally Authorized Representative, and not on behalf of a group or class of persons.  If you have a personal lawyer, your lawyer may assist you with your exclusion request, but you or your Legally Authorized Representative must sign the exclusion request, unless the lawyer is also your Legally Authorized Representative.

You must mail your exclusion request **postmarked no later than [14 days before hearing], 2016,** to:

> CHIS v. Peerless Settlement Administrator
> P.O. Box -----
> _____, __  _____

You cannot exclude yourself on the phone, by e-mail, or on the website.  If you properly ask to be excluded, you will not get any money from the settlement, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Peerless.

**13.  What is a "Legally Authorized Representative"?**

"Legally Authorized Representative" means any legally appointed person or entity responsible for the handling of the business affairs of a Class Member.  A Legally Authorized Representative does not, however, include a professional objector or claim filing or similar service purporting to act on behalf of an individual Class Member or group of Class Members.

**14.  If I do not exclude myself, can I sue the Defendant for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Peerless for the claims that this settlement resolves.

Remember, the exclusion deadline is **[14 days before hearing], 2016.**

**15.  If I exclude myself, can I get a payment from this settlement?**

No.  If you exclude yourself, you are not eligible for a payment under the settlement.  But you may sue or be part of a different lawsuit against Peerless.

**THE LAWYERS REPRESENTING YOU**

### 16.  Do I have a lawyer in this case?

The Court has appointed the following lawyers to represent the Class:

| | | | |
|---|---|---|---|
| James C. Bradley<br>Michael J. Brickman<br>Nina Fields Britt<br>RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC<br>1017 Chuck Dawley Blvd.<br>Mount Pleasant, SC 29464<br>Post Office Box 1007<br>Mount Pleasant, SC 29465<br>843-727-6500 | Richard Kopelman<br>Clint W. Sitton<br>KOPELMAN SITTON LAW GROUP, LLC<br>3405 Piedmont Road, N.E.<br>Atlanta, GA 30305<br>404-351-5900 | C. Cooper Knowles<br>THE LAW OFFICE OF C. COOPER KNOWLES, LLC<br>3405 Piedmont Road, N.E.<br>Suite 500<br>Atlanta, Georgia 30305<br>678-399-8551 | Adam P. Princenthal<br>PRINCENTHAL & MAY, LLC<br>5901 Peachtree Dunwoody Road<br>Building A, Suite 525<br>Sandy Springs, GA 30328<br>678-534-1980 |

These lawyers are called Class Counsel.  You will not be charged for these lawyers.  Services performed by Class Counsel will be compensated by a Court approved fee paid by Peerless as described in section 17. If you want to be represented by your own lawyer, you may hire one at your own expense.

The Court has also appointed CHIS, LLC as the "Class Representative" for the Class.

### 17.  How will the lawyers be paid?  What is the Class Representative Incentive Award?

Class Counsel will ask the Court to approve a reimbursement of Class Counsel's costs in this case in an amount not to exceed $15,000 and payment of a fee to Class Counsel in an amount equal to 20% of 1) the amount Peerless pays Valbridge Property for appraisals of the Group A Properties, 2) the amount Peerless pays Valbridge Property for reviews of the Group B Properties and, if necessary, appraisals of any Group B Properties, and 3) an amount equal to 20% of the amount of any diminished value Peerless pays to policyholders with respect to Group A Properties and Group B Properties.  Peerless has agreed to make these payments to Class Counsel if approved by the Court, so these payments will not reduce the amounts of any payments to Class Members.

**OBJECTING TO THE SETTLEMENT**

If you are a Class Member and do not exclude yourself, you can tell the Court that you do not agree with the settlement or some part of it.

### 18.  How do I tell the Court that I do not like the settlement?

If you are a Class Member (or a Class Member's Legally Authorized Representative, see Question 13), and you have not excluded yourself from the settlement, you can object to the proposed settlement or some part of it.  You cannot object if you have excluded yourself.  In other words, you must participate in the settlement as a Class Member in order to object to its terms.

You can give reasons why you think the Court should not approve the settlement or the request for fees, expenses or awards to the Class Representative and Class Counsel.  The Court will consider your views. To object, you must (a) **serve** your objection on counsel for Peerless and Class Counsel for the Plaintiffs **and** (b) **file** it with the Court.  To be timely, your objection must be **postmarked** by **[14 days before hearing], 2016,** and must be **filed** with the Court by no later than **[14 days before hearing], 2016,** at the following addresses:

**Address of Class Counsel:**

James C. Bradley
Richardson, Patrick, Westbrook &
Brickman, LLC
1017 Chuck Dawley Blvd. Mount
Pleasant, SC 29464
Post Office Box 1007
Mount Pleasant, SC 29465

**Address of Court:**

United States District Court
Middle District of Georgia
Case No. 5:14-CV-277-MTT
PO Box 128
Macon, GA 31202

**Address of Peerless Counsel:**

Dan Diffley
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309

Note:  You may mail your objection to the Court, but it must be **received** by the Court **and filed** by **[14 days before hearing], 2016**.  See Paragraphs 55-59 of the Settlement Agreement for more information on how to object to or intervene in the settlement.

Your objection must include all of the following: (a) a heading which includes the name of the case and case number (*CHIS, LLC v. Peerless Indemnity Insurance Company, No. 5:14-CV-277-MTT (M.D. Ga.)*); (b) your full name, address, telephone number, and signature; (c) the specific reasons why you object to the settlement, attorney fees or any other part of the settlement; (d) the name, address, and telephone number of your counsel; (e) a list of other cases in which you or your counsel has appeared either as an objector or counsel for an objector in the last five years; and (f) whether you intend to appear at the Final Approval Hearing.  All objections must be signed by the objecting Class Member's Legally Authorized Representative. If you object, you must make yourself available to be deposed by any Party in the county of your residence within seven (7) days of service of your timely written objection.

If you intend to appear at the Final Approval Hearing to object to the settlement, you must also provide with your written objection a detailed statement of the specific legal and factual basis for each objection, a list of any witnesses you will call at the Hearing with each witness' address and summary of the witness' testimony, and a detailed description of all evidence you will offer at the Hearing with copies of the exhibits attached. Your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above.  (See the section on the "Court's Final Approval Hearing" below.)  Your lawyer must follow all applicable court rules and the attorney's name, address, and telephone number must be listed in the written objection filed with the Court.

Unless you submit a proper and timely written objection, according to the above requirements, you will not be allowed to object or appear at the Final Approval Hearing.

Please note that any objections or motions must be submitted by an individual Class Member or its attorney, not as a member of a group, class, or subclass.

| **19.  What is the difference between objecting and excluding yourself?** |
| --- |

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object, because the case no longer affects you.  If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing called a "Final Approval Hearing" (also known as a "Fairness Hearing") to decide whether to approve the settlement. If you have not excluded yourself from the settlement, you may attend the Final Approval Hearing and you may ask to speak, but you do not have to.

### 20.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing to decide whether to finally approve the proposed settlement. You may attend and you may ask to speak, but you do not have to do either one.

The Final Approval Hearing will be on _____, at _____ _.m. (Eastern time) before Judge Marc T. Treadwell (or his successor) at the courthouse for the United States District Court, Middle District of Georgia, 475 Mulberry Street, Macon, GA 31202.

At this Hearing, the Court will consider whether the proposed settlement and all of its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to parties who have asked for permission to speak at the Hearing and complied with the other requirements for objections explained in Question 18 above. The Court will also decide how much to award Class Counsel for fees and expenses for representing the Class and whether and how much to award the Class Representative for representing the Class.

At or after the Hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long these decisions will take.

The Court may change deadlines listed in this Notice or the date and time of the Final Approval Hearing without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website at www. _____.com.

### 21.  Do I have to come to the Hearing?

No. Class Counsel will answer any questions asked by the Court. But you are welcome to come at your own expense. If you intend to have a lawyer appear at your expense on your behalf at the Final Approval Hearing, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than [14 days before hearing], 2016, and you must comply with all of the requirements explained above.

If you send an objection, you do not have to come to Court to talk about it. So long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it.

### 22.  May I speak at the Hearing?

If you submitted a proper written objection to the settlement, you, your Legally Authorized Representative, or your lawyer acting on your behalf may speak at the Hearing. To do so, you must send a Notice of Intention to Appear and follow the procedures set out in Question 18. Your Notice of Intention to Appear must be mailed to the Class Counsel, Peerless's counsel, and the Court so that it is **postmarked no later than [14 days before hearing], 2016,** and it must be **filed** with the Clerk of the Court by that same date. See Question 18 for the addresses. You cannot speak at the Hearing if you excluded yourself.

## IF YOU DO NOTHING

### 23.  What happens if I do nothing at all?

Unless you exclude yourself, you will be part of the Class and this settlement, you will receive a review of your water damage insurance claim to determine whether your property suffered diminished value and receive the payment called for in the settlement, if any, and you will not be able to sue or be part of any other lawsuit against Defendant about the legal issues in this case, ever again.

If you do not exclude yourself, and you are entitled to a payment, you do not have to do anything to receive a payment. You will receive a check automatically. (See Question 9 for more details.)

---

**GETTING MORE INFORMATION**

---

**24.  How do I get more information about the settlement?**

You may obtain additional information by

- Calling the Settlement Administrator toll-free at 1-___-___-____ to ask questions and receive copies of documents, or e-mailing the Settlement Administrator at mail@_____.com.

- Writing to the Settlement Administrator at the following address:

  CHIS v. Peerless Settlement Administrator
  P.O. Box _____
  _____, __ _____

- Visiting the settlement website, where you will find answers to common questions about the settlement plus other information to help you.

- Reviewing legal documents that have been filed with the Clerk of Court in this lawsuit at the Court offices stated in Question 18 above during regular office hours.

- Contacting Class Counsel at 843-727-6500


**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THIS LAWSUIT OR NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS.  IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE OBJECTION, PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

**SETTLEMENT AGREEMENT**

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| CHIS, LLC, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | C.A. No. 5:14-cv-277-MTT |
| PEERLESS INDEMNITY INSURANCE COMPANY, | |
| Defendants. | |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT

WHEREAS, Plaintiff CHIS, LLC ("Named Plaintiff") and Defendant Peerless Indemnity Insurance Company[1] ("Peerless," and together with the Named Plaintiff, the "Settling Parties") entered into a Settlement Agreement dated _____, 2016; and

WHEREAS, the Court entered an Order on _____, 2016, preliminarily approving the settlement ("Preliminary Approval Order"), preliminarily certifying the Settlement Class in this Action for settlement purposes under FED. R. CIV. P. 23(b)(3), ordering that notice be disseminated to the Settlement Class, scheduling a Fairness Hearing for _____, 2016, and providing Class Members with an opportunity to opt-out of the Settlement Class or object to the proposed settlement; and

WHEREAS, the Court held a Fairness Hearing on _____, 2016 to determine whether to grant final approval to the Settlement Agreement; and

---

[1]    Unless otherwise specifically defined herein, the capitalized terms in this Order Approving Settlement have the same meaning as attributed to them in the Settlement Agreement.

1

WHEREAS, the Court is contemporaneously issuing a Judgment that, among other things, certifies the Settlement Class, approves the Settlement Agreement, and dismisses the Settlement Class Members' claims with prejudice as to Peerless;

NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      **Incorporation of Settlement Documents.**  This Order Approving Settlement (the "Order") incorporates and makes a part hereof the Settlement Agreement, including all exhibits thereto.  The Settlement Agreement and all exhibits thereto shall be referred to collectively as the "Settlement Agreement."

2.      **Jurisdiction**.  The Court has personal jurisdiction over all Settlement Class Members (as defined below) and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement Agreement, grant final certification of the Settlement Class for settlement purposes, and dismiss the Action with prejudice.

3.      **Final Settlement Class Certification.**   The Settlement Class this Court preliminarily certified is hereby finally certified for settlement purposes under FED. R. CIV. P. 23(b)(3).  The Settlement Class consists of:  each and every person or business formerly or currently insured under businessowners insurance policies issued by Peerless that provide coverage for property located in the State of Georgia who, within the Class Period, presented first-party claims arising from direct physical losses to their properties as a result of water damage to their buildings, which are events covered by the policy, wherein diminution of value was not assessed or paid in connection with said claims. The Settlement Class does not include: (i) officers, directors, employees, and agents of Peerless and/or their immediate families; (ii) Class Counsel, Peerless's counsel of record in the action and judicial officers of the Court to

2

which this case is assigned; or (iii) any persons who make a timely election to be excluded from the Settlement Class as provided in the Settlement Agreement. The Class Period means the period from July 24, 2008, through April 15, 2016.

4.     **Issue for Certification.**  The issue that the Court is deciding on a class-wide basis is whether the terms of the proposed settlement are fair, reasonable, and adequate pursuant to FED. R. CIV. P. 23(e) and governing law construing that Rule.  In making that determination, the Court also has considered, as discussed herein, whether proper notice of the proposed settlement was given under FED. R. CIV. P. 23(c)(2)(B) and Fed. R. Civ. P. 23(e)(1) to the Settlement Class and any other relevant persons so that the settlement's terms will have binding effect.

5.     **Adequacy of Representation.**  The Named Plaintiff and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of FED. R. CIV. P. 23(a)(4).

6.     **Notice.**  The Court finds that the distribution of the Notice and the notice methodology were implemented in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order.  The Court further finds that the Notice was simply written and readily understandable, and that the Notice and notice methodology:  (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the claims in the Action, their rights to object to the proposed settlement and to appear at the Fairness Hearing, and their right to exclude themselves from the Settlement Class; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

7.     **Final Settlement Approval.**   The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Settling Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.   The Settling Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8.     [Findings in support of settlement approval]

9.     **Implementation of Settlement and Payment to Class Members.**  Having found that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Settlement Class, the Settling Parties, through the settlement administrator and Valbridge Property, are directed to implement and administer the Settlement in accordance with its terms and provisions. Peerless is directed to mail any payments via check to the Class Members in the amounts resulting from the settlement process as set forth in the Settlement Agreement.

10.     **Binding Effect.**  The terms of the Settlement Agreement and of this Order and the accompanying Judgment shall be forever binding on the Settling Parties and all non-excluded members of the Settlement Class, as well as their heirs, executors, administrators, beneficiaries, predecessors, successors, and assigns as to all Released Claims.

11.     **Releases.**  The Releases as set forth in Paragraphs 30 & 31 of the Settlement Agreement are expressly incorporated herein in all respects.  The Releases shall be effective as of the Final Settlement Date.

12.     **No Admissions.**   Neither this Order and the accompanying Judgment nor the Settlement Agreement, nor any of the provisions of the Settlement Agreement or any negotiations leading to its execution, nor any other documents referred to in this Order or the accompanying Judgment, nor any action taken to carry out this Order and the Judgment is, may be offered or received in evidence in any Action or proceeding in any court, administrative panel, or proceeding or other tribunal as any admission or concession of liability or wrongdoing of any nature on Peerless's part.   Neither this Order and the accompanying Judgment nor the Settlement Agreement, nor any of the provisions of the Settlement Agreement or any negotiations leading to its execution, nor any other documents referred to in this Order or the accompanying Judgment, nor any action taken to carry out this Order and the Judgment is or shall be construed as an admission or concession by Peerless as to the truth of any of the allegations in the case or of any liability, fault, or wrongdoing of any kind on the part of Peerless.

13.     **Enforcement of Settlement.**   Nothing in this Order or the accompanying Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

14.     **Attorneys' Fees and Expenses.**   The Court finds that an award of attorneys' fees and expenses for Class Counsel in the amount of $_____ to be fair, reasonable and appropriate, and directs Peerless to pay such amount to Class Counsel pursuant to the terms of the Settlement.   Peerless will make these payments to Class Counsel so that these payments will not reduce the amounts of any payments to Class Members.

15.     [Findings in support of award of attorneys' fees and expenses]

16.     **Incentive Award**.   The Court finds that an incentive award for the Named Plaintiff in the amount of $_____ is fair, reasonable and appropriate, and directs that such

amount be paid from the Class Fund to the Named Plaintiff pursuant to the terms of the Settlement Agreement.

17. **Modification of Settlement Agreement.**   The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement, provided that such amendments, modifications, and expansions of the Settlement Agreement are not materially inconsistent with this Order and the accompanying Judgment and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

18. **Retention of Jurisdiction.**   The Court has jurisdiction to enter this Order and the accompanying Judgment.   Without in any way affecting the finality of this Order and the accompanying Judgment, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, and of this Order and the accompanying Judgment, and for any other necessary purposes, including, without limitation:

      a.   enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order, or the Judgment (including, without limitation, whether a person or entity is or is not a Class Member, and whether claims or causes of action allegedly related to the Action are or are not barred by the Judgment or Releases);

      b.   entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment approving the Settlement Agreement, to

dismiss all claims with prejudice, or to ensure the fair and orderly administration of this settlement; and

       c.     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

19.    **Dismissal of Action.**  The claims by the Settling Parties and all other Settlement Class Members are hereby dismissed with prejudice as against Peerless, without fees or costs to Peerless except as set forth herein or in the Settlement Agreement.

20.    **Entry of Judgment.**  Because it is in the best interests of the Class Members that the settlement process be undertaken as soon as possible and because the Settlement Agreement resolves all claims by the Class Members, the Court finds that there is no just reason to delay the Judgment regarding the Settlement Agreement.  Accordingly, the Court expressly directs that the Judgment regarding the Settlement Agreement be entered as to all parties and all claims in the Action.

       SO ORDERED this ___ day of _____ 2016.

 

 

_____

HONORABLE MARC T. TREADWELL
UNITED STATES DISTRICT COURT JUDGE